Adam Y. Siegel (SBN 238568)
JACKSON LEWIS P.C.
725 South Figueroa Street, Suite 2500
Los Angeles, California 90017
Telephone:   (213) 689-0404
Facsimile:    (213) 689-0430
Adam.Siegel@jacksonlewis.com

John P. Nordlund (SBN 286153)
Annalyse E. Butler (SBN 328753)
JACKSON LEWIS P.C.
225 Broadway, Suite 2000
San Diego, California 92101
Telephone:   (619) 573-4900
Facsimile:    (619) 573-4901
John.Nordlund@jacksonlewis.com
Annalyse.Butler@jacksonlewis.com

Attorneys for Defendants
CENTERPLATE, INC., SODEXO, INC., and CENTERPLATE OF DELAWARE, INC.

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DOUGAN, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CENTERPLATE, INC., a corporation; SODEXO, INC., a corporation; CENTERPLATE OF DELAWARE, INC., a corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: **'22 CV1496 BEN AGS**<br><br>**NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332, 1441, 1446, and 1453 (CAFA)**<br><br>(Filed concurrently with Declarations of Adam Y. Siegel, Kelly Barbary, and David Winarski; Civil Case Cover Sheet; Notice of Interested Parties; and Corporate Disclosure Statement) |

/ / /

/ / /

/ / /

**TO THE HONORABLE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA, PLAINTIFF KEVIN DOUGAN, AND PLAINTIFF'S ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant SODEXO, INC. (Sodexo) hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, and removes the above-entitled action from the Superior Court of the State of California for the County of San Diego (San Diego Superior Court) based on the Class Action Fairness Act of 2005 (CAFA). Sodexo submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff KEVIN DOUGAN ("Plaintiff") and without conceding Plaintiff has pled claims upon which relief can be granted. This Removal is based on the following grounds:

1.     On August 2, 2022, Plaintiff filed an unverified Class Action Complaint against Defendants Sodexo, CENTERPLATE, INC., and CENTERPLATE OF DELAWARE, INC. (collectively, "Defendants") in the San Diego Superior Court entitled *KEVIN DOUGAN, as an individual and on behalf of all others similarly situated, Plaintiff, v. CENTERPLATE, INC., a corporation; SODEXO, INC., a corporation; CENTERPLATE OF DELAWARE, INC., a corporation; and DOES 1 through 50, inclusive*, Case No. 37-2022-00030603-CU-OE-CTL, which sets forth the following six (6) causes of action: (1) meal period violations (2) rest period violations; (3) untimely payment of wages; (4) wage statement violations; (5) waiting time penalties; and (6) unfair competition. [Declaration of Adam Y. Siegel (Siegel Decl.) ¶ 2; Ex. A (Complaint)]. Plaintiff brings this action on behalf of himself and various classes consisting of "[a]ll individuals currently or formerly employed by Defendants in the State of California as hourly non-exempt employees at any time from four years preceding the filing of this action through the time of trial" (collectively referred to herein as "Putative Class Members" or the "Putative Class"). [Ex. A ¶ 5.]

2.     Sodexo first received Plaintiff's Summons and Original Complaint when it was personally served on its registered agent for service of process on September 2, 2022. [Siegel

Decl. ¶ 2.] True and correct copies of the Summons, Complaint, and other related court documents served on Sodexo on September 2, 2022, are filed herewith as "**Exhibit A.**" [Siegel Decl. ¶ 2; Ex. A.]

3.      On September 29, 2022, Defendants jointly and timely filed and served an Answer to Plaintiff's Complaint in the San Diego Superior Court, making a general denial as permitted by California Code of Civil Procedure § 431.30(d) and asserting various affirmative defenses. [Siegel Decl. ¶ 3; Ex. B.] A true and correct copy of Defendants' Answer is filed herewith as "**Exhibit B.**" [Siegel Decl. ¶ 3.] Also on September 29, 2022, Sodexo filed a peremptory challenge to its assigned San Diego Superior Court judge pursuant to California Code of Civil Procedure § 170.6. [Siegel Decl. ¶ 3; Ex. C.] A true and correct copy of Sodexo's peremptory challenge is filed herewith as **"Exhibit C."** [Siegel Decl. ¶ 3.]

4.      As of today, **Exhibits A, B,** and **C** constitute all of the pleadings received or filed by Defendants in this matter. [Siegel Decl. ¶ 4.]

## TIMELINESS OF REMOVAL

5.      This Notice of Removal has been filed within thirty (30) days after Sodexo was first served with a copy of Plaintiff's Summons and Complaint on September 2, 2022. [Siegel Decl. ¶ 2.] Therefore, it has been filed within the time period mandated by 28 U.S.C. § 1446(b). *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 354 (1999) ("[T]he defendant's period for removal will be no less than 30 days from service..."); Fed. R. Civ. Proc. 6(a)(1)(c) (extending deadline falling on Saturday, Sunday, or legal holiday to "the end of the next day that is not a Saturday, Sunday, or legal holiday").

## VENUE

6.      This action was filed in the San Diego Superior Court. Thus, pursuant to 28 U.S.C. § 1441(a), Sodexo is removing this action to the United States District Court for the Southern District of California as the district "embracing the place where [the] action is pending."

## REMOVAL BASED ON CLASS ACTION FAIRNESS ACT

7.      Removal of this action is proper under CAFA, 28 U.S.C. §§ 1332 *et seq.* Section 4 of CAFA, 28 U.S.C. § 1332(d)(2), has been amended to read, in relevant part:

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which – (A) any member of a class of plaintiffs is a citizen of a State different from any defendant.

8.      In addition, CAFA provides for jurisdiction in the district courts only where the proposed class involves 100 or more members, or where the primary defendants are not States, State officials, or other governmental entities. 28 U.S.C. § 1332 (d)(5).

9.      As set forth below, this is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(d), in that it is a civil action filed as a class action involving more than 100 members, the matter in controversy – based on the allegations in the Complaint – exceeds the sum of $5,000,000, exclusive of interest and costs, and Plaintiff is a citizen of a state different from at least one of Defendants. *See* 28 U.S.C. §§ 1332(d), 1453. Furthermore, none of the Defendants are a State, State official, or other governmental entity.

## A.    None Of The Named Defendants Are Government Entities.

10.      None of the Defendants are a State, a State official, or any other governmental entity. [Declaration of Kelly Barbary (Barbary Decl.) at ¶ 3; Declaration of David Winarski (Winarski Decl.) at ¶ 4.]

## B.    Minimal Diversity Is Satisfied Under CAFA.

11.      The standard for establishing diversity of citizenship under CAFA is different than diversity jurisdiction under 28 U.S.C. 1332(a)-(c). CAFA's diversity requirement is satisfied when there is minimal diversity, *i.e.*, when at least one member of a class of plaintiffs is a citizen of a state in which none of the defendants are citizens. 28 U.S.C. § 1332(d)(2); *see Snyder v. Harris*, 394 U.S. 332, 340 (1969) ("if one member of a class is of diverse citizenship from the class' opponent, and no nondiverse members are named parties, the suit may be brought in federal court even though all other members of the class are citizens of the same State as the defendant."); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090-91 (holding that to achieve its purposes, CAFA provides expanded original diversity jurisdiction for class actions meeting the minimal diversity requirement set forth in 28 U.S.C. §

1332(d)(2)); *Bradford v. Bank of Am. Corp.*, No. CV 15-5201-GHK (JCx), 2015 U.S. Dist. LEXIS 120800, at *13 (C.D. Cal. Sep. 10, 2015) ("[defendant] needed only to establish that one plaintiff was a citizen of a different state from any one defendant at the time of removal.").

12.    Citizenship of the parties is determined by their citizenship status at the action's commencement. *See Mann v. City of Tucson*, 782 F.2d 790 (9th Cir. 1986).

13.    For individuals, citizenship is determined by a person's domicile. *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). While residence and citizenship are not the same, a person's place of residence is *prima facie* evidence of his or her citizenship. *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 519-20 (10th Cir. 1994); *see also Smith v. Simmons*, 2008 U.S. Dist. LEXIS 21162, at *22 (E.D. Cal. 2008). Furthermore, a person's intention to remain may be established by his or her place of employment. *Youn Kyung Park v. Holder*, 572 F.3d 619, 625 (9th Cir. 2009); *see also Francisco v. Emeritus Corp.*, No. CV 17-02871-BRO (SSx)), 2017 U.S. Dist. LEXIS 90131, at *10 (C.D. Cal. June 12, 2017).

14.    Sodexo is informed and believes that Plaintiff was – at the time this action was commenced – and still is a citizen and resident of the State of California because he alleges that he is "an individual over 18 years of age…who worked…in SAN DIEGO COUNTY." [*See* Ex. A ¶ 4.] Accordingly, for purposes of removal under CAFA, Plaintiff is a citizen of California. *See Holder*, 572 F.3d at 625.

15.    For purposes of removal under CAFA, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c). With respect to ascertaining a corporation's principal place of business, the United States Supreme Court has adopted the "nerve center test." *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010). Under the nerve center test, a corporation's principal place of business is where a corporation's high-level officers direct, control and coordinate the corporation's activities. *Id*. A corporation can only have one "nerve center." *Id*. at 93-94. In evaluating where a corporation's "nerve center" is located, courts will look to the center

of overall direction, control, and coordination of the company and will no longer weight corporate functions, assets, or revenues in each state. *Id.*

16.    At the time Plaintiff filed the Complaint and presently, Sodexo is a corporation organized under the laws of the State of Delaware. [Barbary Decl. ¶¶ 4-5.] At all relevant times, Sodexo's principal place of business has been in the State of Maryland. [Barbary Decl. ¶¶ 4-5.] The State of Maryland is where Sodexo's high-level officers, including its President, direct, control, and coordinate the company's activities. [Barbary Decl. ¶¶ 4-5.] Sodexo's executive operations are managed from the State of Maryland, including, but not limited to, operations relating to administering company policies and procedures, legal affairs, and general business operations. [Barbary Decl. ¶¶ 4-5.] None of Sodexo's executive officers reside in the State of California[1]. [Barbary Decl. ¶¶ 4-5.]

17.    Accordingly, for purposes of removal under CAFA, Sodexo is a citizen of the States of Delaware and Maryland, and no Defendant is a citizen of the State of California.

18.    Given the above, minimal diversity exists under CAFA because at least one member of the Putative Class (Plaintiff) was, at the time this action was commenced—and is still believed to be—a citizen of the State of California, while all Defendants were—and still are—citizens of the States Delaware, Maryland, and South Carolina.[2] 28 U.S.C. § 1332(d)(2).

## C.    The Putative Class Contains More Than 100 Members.

19.    CAFA provides that the district courts shall not have jurisdiction over class actions where "the number of members of all proposed plaintiff classes in the aggregate is less than 100." 28 U.S.C. § 1332(d)(5).

---

[1] Although not required, because CAFA only requires minimal diversity, the other two named defendants, Centerplate, Inc. and Centerplate of Delaware, Inc. are citizens of Delaware, Maryland, and South Carolina. [Winarski Decl. ¶¶ 3, 7-8.]

[2] The citizenship of the Doe defendants is immaterial for the purpose of determining minimal diversity under CAFA. 28 U.S.C. § 1441(a); *see Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007).

20.     Sodexo's records identify at least 23,000 individuals who were employed within Sodexo's corporate structure[3] as hourly, non-exempt employees in California since August 2, 2018 (four years prior to the filing of the Complaint). [Barbary Decl. ¶ 9.][4] Accordingly, the numerosity requirement for jurisdiction under CAFA is satisfied.

**D.     The Amount In Controversy Exceeds $5,000,000 Based On A Plausible Reading Of The Allegations Of The Complaint.[5]**

21.     Under CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. *See* 28 U.S.C. § 1332(d)(6). Congress intended federal jurisdiction to be appropriate under

---

[3] Sodexo denies that the employees of subsidiaries within its corporate structure are properly part of any putative class to be represented by Plaintiff; however, based on the allegations pled, including alleged theories on joint employer and agency relationship, which Sodexo denies, Sodexo assumes an employment relationship over all subsidiary entity employees for purposes of this removal only.

[4] Sodexo denies that it is or has been the employer, joint or otherwise, of Plaintiff or the putative class. However, Plaintiff alleges "that all defendants in this action are employers, co-employers, joint employers, and/or part of an integrated employer enterprise, as each defendant exercises control over the wages, hours, and working conditions of Plaintiff and the other aggrieved employees, suffers and permits them to work, and/or otherwise engages the workforce creating a common law employment relationship." [Ex. A ¶ 11.] Plaintiff further alleges "that at least some of the defendants have common ownership, common management, interrelationship of operations, and centralized control over labor relations and are therefore part of an integrated enterprise and thus jointly and severally responsible for the acts and omissions alleged herein." [Ex. A ¶ 12.] Finally, Plaintiff alleges "that each defendant acted in all respects pertinent to this action as an alter-ego, agent, servant, joint employer, joint venturer, co-conspirator, partner, in an integrated enterprise, or in some other capacity on behalf of all other co-defendants, such that the acts and omissions of each defendant may be legally attributable to all others." [Ex. A ¶ 13.] Thus, on that basis, without admitting the truth of these allegations, Sodexo removes this Action.

[5] Defendants deny each and every allegation set forth by Plaintiff in the Complaint, and deny that Plaintiff or Putative Class Members are entitled to any compensatory or statutory damages, restitution, civil penalties, attorneys' fees, or any other relief. Defendants also deny that this action can proceed as a class or representative action. Notwithstanding the above, removal of this action is proper given that removal is based on the allegations asserted in the operative complaint.

CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (e.g., damages, injunctive relief, or declaratory relief)." Sen. Jud. Comm. Rep., S. REP. 109-14, at 42. Moreover, any doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction. S. Rep. 109-14, at 42-43 ("[I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case …. Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly ….").

22.    In determining whether the amount in controversy exceeds $5,000,000, the Court must presume Plaintiff will prevail on each and every one of his claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp. 993, 1001 (C.D. Cal. 2002) (*citing Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes that "plaintiff prevails on liability"); *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim"). Moreover, the argument and facts set forth herein may appropriately be considered in determining whether the jurisdictional amount in controversy is satisfied. *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 843, n.1 (9th Cir. 2002) (citation omitted).

23.    Notably, "[t]here is no obligation by defendant to support removal with production of extensive business records to prove or disprove liability and/or damages with respect to plaintiff or the putative class members at this premature (pre-certification) stage of the litigation." *Muniz v. Pilot Travel Ctrs. LLC*, 2007 U.S. Dist. LEXIS 31515, at *15 (E.D. Cal. Apr. 30, 2007). Rather, a defendant seeking removal must prove by a preponderance of the evidence that the aggregate amount in controversy exceeds the jurisdictional minimum. *Rodriguez v. AT&T Mobility Servs. Ltd. Liab. Co.*, 728 F.3d 975, 977 (9th Cir. 2013) ("the proper burden of proof imposed upon a defendant to establish the amount in controversy is the preponderance of the evidence standard"); *see Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010) ("The amount in controversy is simply an estimate of the total

amount in dispute, not a prospective assessment of defendant's liability."); *Arias v. Residence Inn*, 936 F.3d 920, 922, 925 (9th Cir. 2019) (the removing defendant may rely on reasonable assumptions in estimating the amount in controversy, which "need not be proven").

24.   Like here, where the complaint is silent as to whether the amount in controversy meets CAFA's jurisdictional threshold of $5,000,000, "a defendant's notice of removal need include only a *plausible* allegation that the amount in controversy exceeds the jurisdictional threshold." *See Dart Cherokee Basin Operating Company, LLC v. Owens*, 574 U.S. 81, 89 (2014) (emphasis added). Following *Dart*, the Ninth Circuit confirmed "a removing defendant's notice of removal need not contain evidentiary submissions but only plausible allegations of the jurisdictional elements," and further that "when a defendant's allegations of removal jurisdiction are challenged, the defendant's showing on the amount in controversy may rely on reasonable assumptions." *Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 963 (9th Cir. 2020) (citations and internal quotation marks omitted). Further, "'[n]o "antiremoval presumption attends cases invoking CAFA' because 'Congress enacted [CAFA] to facilitate adjudication of certain class actions in federal court.'" *Adams v. Toys 'R' US – Delaware, Inc.*, 2015 U.S. Dist. LEXIS 11338, at *5-6 (N.D. Cal. Jan. 29, 2015) (*quoting Dart*, 574 U.S. at 89 135 S. Ct. at 554). On the contrary, courts are required to interpret CAFA's provisions broadly in favor of removal. *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1183-84 (9th Cir. 2015).

25.   Moreover, if a plaintiff asserts statutory violations, the court must assume that the violation rate is 100% unless the plaintiff specifically alleges otherwise. *See Muniz v. Pilot Travel Ctrs. LLC*, 2007 U.S. Dist. LEXIS 31515, at *12-13 (E.D. Cal. Apr. 30, 2007) ("As these allegations reveal, plaintiff includes no fact-specific allegations that would result in a putative class or violation rate that is discernibly smaller than 100%, used by defendant in its calculations. Plaintiff is the 'master of [her] claim[s],' and if she wanted to avoid removal, she could have alleged facts specific to her claims which would narrow the scope of the putative class or the damages sought.") (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)); *see also Arreola v. The Finish Line*, No. 14- CV-03339-LHK, 2014 WL 6982571, at *4 (N.D.

Cal. Dec. 9, 2014) ("District courts in the Ninth Circuit have permitted a defendant removing an action under CAFA to make assumptions when calculating the amount in controversy—such as assuming a 100 percent violation rate, or assuming that each member of the class will have experienced some type of violation—when those assumptions are reasonable in light of the allegations in the complaint."); *Coleman v. Estes Express Lines, Inc*., 730 F. Supp. 2d 1141, 1149 (C.D. Cal. 2010) ("[C]ourts have assumed a 100% violation rate in calculating the amount in controversy when the complaint does not allege a more precise calculation.").

26.    Without admitting Plaintiff could recover any damages whatsoever, a plausible[6] reading of the Complaint conservatively places an aggregate amount in controversy exceeding **$9,862,688**, exclusive of attorneys' fees, interest, and costs.

27.    In his first cause of action for alleged meal period violations, Plaintiff alleges, among other things, that "Defendants willfully failed in their affirmative obligation to consistently provide Plaintiff and Class Members compliant, duty-free meal periods of not less than 30 minutes beginning before the fifth hour of hour [sic] for each work period of more than five hours per day and a second duty-free meal period of not less than 30 minutes beginning before the tenth hour of work…" [Ex. A ¶ 45.] Plaintiff further asserts that, "Defendants willfully failed in their affirmative obligation to consistently pay Plaintiff and the Class one additional hour of pay at the respective regular rate of compensation for each workday that a fully complaint meal period was not provided…" [Ex. A ¶ 46.]

28.    An employee who is not provided a legally compliant meal period is entitled to "one additional hour of pay at the employee s regular rate of compensation." *See* Lab. Code § 226.7. In 2018, the California State minimum wage was $11.00 per hour.[7] During the alleged class period, Putative Class Members worked a combined approximate 896,608 two-week pay periods. [Barbary Decl. ¶ 9.] Therefore, based on the allegations in the

---

[6] *See Lucas v. Michael Kors (USA) Inc.,* 2018 U.S. Dist. LEXIS 78510, at *8 (C.D. Cal. May 9, 2018) ("Defendants may use reasonable assumptions in calculating the amount in controversy for purposes of removal.").

[7] State of California Department of Industrial Relations | Minimum Wage <https://www.dir.ca.gov/dlse/FAQ_MinimumWage.htm> (as of September 29, 2022).

Complaint, it is plausible that Plaintiff is seeking to recover, and it is reasonable to estimate for purposes establishing the minimum amount in controversy for purposes of this Removal, meal period penalties in the amount of the 2018 California State minimum wage for at least one (1) meal period violation per Putative Class Member per two-week pay period, which would place at least $9,862,688 in controversy in connection with Plaintiff's meal period claim ($11.00 minimum wage x 1 meal period penalty per 896,608 two-week pay periods.) [Barbary Decl. ¶ 8.]

29.    Because the foregoing analysis estimates potential damages on only at one of six claims brought by Plaintiff for class-wide damages and statutory penalties, there is no question that the amount in controversy in this action exceeds $5,000,000, exclusive of costs and interest.

30.    In setting forth this calculation, Sodexo does not admit that it is liable to Plaintiff and the putative class in this amount or any amount. On the contrary, Sodexo denies that it is liable to Plaintiff and the putative class in any amount and for any relief.

31.    Based on the foregoing, all requirements under 28 U.S.C. section 1332(d) are satisfied and the Action may be removed to this Court on grounds of diversity of citizenship jurisdiction under CAFA.

32.    Thus, for the reasons discussed above, and without conceding or admitting to the underlying merit of Plaintiff's claims, it is plausible that the aggregate amount in controversy in connection with Plaintiff's putative class claims (**$9,862,688**) surpasses the $5,000,000 jurisdictional threshold required under CAFA.

## CONSENT TO REMOVAL

33.    Defendants Centerplate, Inc. and Centerplate of Delaware, Inc. consent to this Removal. [Siegel Decl. ¶ 6; Winarski Decl. 9.]

## NOTICE TO ALL PARTIES AND STATE COURT

34.    In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers will be served promptly on

Plaintiff's counsel and filed with the Clerk of the San Diego County Superior Court. Therefore, all procedural requirements under 28 U.S.C. § 1446 will be followed and satisfied.

## CONCLUSION

35.    Based on the foregoing, Sodexo hereby removes the above-captioned action from the San Diego Superior Court to this Court based on CAFA requirements pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, and respectfully request that this Court retain jurisdiction for all further proceedings.


Dated:  October 3, 2022                    JACKSON LEWIS P.C.


                              By:    /s/ Adam Y. Siegel
                                     Adam Y. Siegel
                                     John P. Nordlund
                                     Annalyse E. Butler

                                     Attorneys for Defendants
                                     CENTERPLATE, INC., SODEXO, INC.
                                     and CENTERPLATE OF DELAWARE,
                                     INC.

4861-5027-3590, v. 2