UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DOUGAN, as an individual and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>CENTERPLATE, INC., a corporation; SODEXO, INC., a corporation; CENTERPLATE OF DELAWARE, INC., a corporation; and DOES 1 through 50, inclusive,<br><br>  Defendants. | Case No.: 22-CV-1496 JLS (BLM)<br><br>**ORDER DENYING JOINT MOTION TO CONTINUE EARLY NEUTRAL EVALUATION CONFERENCE AND CORRESPONDING DATES AND DEADLINES**<br><br>(ECF No. 7) |

Presently before the Court is the Parties' Joint Motion to Continue Early Neutral Evaluation Conference and Corresponding Dates and Deadlines ("Joint Mot.," ECF No. 7). The Parties report that they have scheduled private mediation for September 11, 2023, which "will moot or otherwise substantially affect the procedural posture of this litigation." Joint Mot. at 3. Accordingly, the Parties request a stay of the proceedings pending mediation and a 150-day continuance of certain pre-trial dates and deadlines recently established by Magistrate Judge Barbara L. Major. *See* Joint Mot.; ECF No. 6.

/ / /

/ / /

1

A district court "may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979).  District courts have "broad discretion to stay proceedings." *Clinton v. Jones*, 520 U.S. 681, 706 (1997).  Granting a stay "is appropriate when it serves the interests of judicial economy and efficiency." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).  "A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Leyva*, 593 F.2d at 864.

Here, the Court finds that granting the Parties' requests for a stay and continuance would not serve the interests of judicial economy and efficiency.  Defendants removed this case to federal court on October 3, 2022.  *See* Docket.  The case has remained essentially stagnant since that time.  Now, the Parties request a delay of approximately five months so that they may participate in private mediation.  *See* Joint Mot. at 3.  The Parties provide no explanation as to why mediation must take place in September, as opposed to some earlier date.  *See id.*  The Court encourages the Parties' efforts to resolve this matter, but, in the absence of an explanation as to why such a lengthy delay is necessary, the Court is unwilling to pause the proceedings.

Accordingly, the Court **DENIES** the Parties' Joint Motion to Continue Early Neutral Evaluation Conference and Corresponding Dates and Deadlines (ECF No. 7).

**IT IS SO ORDERED.**

Dated: March 23, 2023

Hon. Janis L. Sammartino
United States District Judge