UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DOUGAN, as an individual and on behalf of all others similarly situated,<br><br>                                    Plaintiff,<br><br>v.<br><br>CENTERPLATE, INC., a corporation; SODEXO, INC., a corporation; CENTERPLATE OF DELAWARE, INC., a corporation; and DOES 1 through 50, inclusive,<br><br>                                   Defendants. | Case No.: 22-CV-1496 JLS (BLM)<br><br>**ORDER GRANTING RENEWED JOINT MOTION TO CONTINUE EARLY NEUTRAL EVALUATION CONFERENCE AND CORRESPONDING DATES AND DEADLINES**<br><br>(ECF No. 9) |

      Presently before the Court is the Parties' Renewed Joint Motion to Continue Early Neutral Evaluation Conference and Corresponding Dates and Deadlines ("Renewed Joint Mot.," ECF No. 9). The Parties previously reported that they scheduled a private mediation for September 11, 2023, which would "moot or otherwise substantially affect the procedural posture of this litigation." ECF No. 7 at 3. This Court, however, denied the Parties' original Joint Motion, finding that "granting the Parties' requests for a stay and continuance would not serve the interests of judicial economy and efficiency." ECF No. 8 at 2.

/ / /

1    The Parties' Renewed Joint Motion explains that the Parties have agreed to mediate this dispute with "renowned wage hour class action mediator Steve Rottman." Renewed Joint Mot. at 4. According to the Parties, Mr. Rottman's first available date is September 11, 2023, and similarly experienced mediators are frequently scheduled six to nine months in advance of mediation. *Id.* at 5. The Parties also argue that if they are required to engage in litigation prior to the mediation, "the mediation may prove unsuccessful." *Id.* at 6. Accordingly, the Parties ask the Court to reconsider staying the proceedings pending mediation and issue a 150-day continuance of certain pre-trial dates and deadlines recently established by Magistrate Judge Barbara L. Major. *See* Joint Mot.; ECF No. 6.

A district court "may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). District courts have "broad discretion to stay proceedings." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). Granting a stay "is appropriate when it serves the interests of judicial economy and efficiency." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997). "A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Leyva*, 593 F.2d at 864.

Here, the Court finds that good cause exists to grant the Renewed Joint Motion. While the Court suspects that securing an earlier mediation date with a similarly experienced mediator is well within the realm of possibility, the Court respects the Parties' ability to negotiate this dispute with the mediator of their choice. In the future, however, the Court recommends that the Parties make an effort to schedule mediation within a more efficient timeframe, especially if such extended delays are commonplace, as the Parties contend.

In light of the foregoing, the Court **GRANTS** the Parties' Renewed Joint Motion and **STAYS** the action through September 11, 2023. The Parties **SHALL FILE** a joint

///

status report <u>on or before September 18, 2023</u>, apprising the Court of the status of the mediation and this action.

   **IT IS SO ORDERED.**

Dated: April 3, 2023

                  Hon. Janis L. Sammartino
                  United States District Judge