UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DOUGAN, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CENTERPLATE, INC., a corporation; SODEXO, INC., a corporation; CENTERPLATE OF DELAWARE, INC., a corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 22-CV-1496 JLS (SBC)<br><br>**ORDER GRANTING JOINT MOTION TO STAY CASE PENDING STATE COURT SETTLEMENT APPROVAL**<br><br>(ECF No. 13) |

Presently before the Court is the Parties' Joint Motion to Stay ("Mot.," ECF No. 13). The Court finds this matter appropriate to decide without oral argument pursuant to Civil Local Rule 7.1(d)(1) and therefore **VACATES** the hearing scheduled for November 2, 2023. For the reasons set forth below, the Court **GRANTS** the Parties' Motion.

## BACKGROUND

In April of 2023, the Court stayed this action through September 11, 2023, to allow the Parties to attend a private mediation. *See* ECF No. 10 at 2. The Parties have since attended mediation and reached a settlement agreement to resolve both this action and a

state court action arising out of the same facts. *See* Mot. at 2. As stated in the Parties' Joint Status Report ("JSR," ECF No. 9), the terms of the agreement call for the San Diego Superior Court to approve the settlement. JSR at 2. A preliminary settlement-approval hearing is scheduled for that purpose on February 9, 2024, and the Parties anticipate that the San Diego Superior Court will schedule a final approval hearing four months thereafter. Mot. at 2. If the San Diego Superior Court approves the settlement, the Parties intend to jointly move to dismiss this action. JSR at 2. The Parties therefore request that this Court stay the instant case until mid-July of 2024. *See* Mot. at 2.

## LEGAL STANDARD

District courts have "broad discretion to stay proceedings." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). The Court may stay an action pending resolution of independent proceedings where "it is efficient for its own docket and the fairest course for the parties." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). When determining whether a stay is appropriate, the Court must consider (1) "the possible damage which may result from the granting of a stay," (2) "the hardship or inequity which a party may suffer in being required to go forward," and (3) "the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). "A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Leyva*, 593 F.2d at 864.

## ANALYSIS

In the instant action, the above factors weigh in favor of a stay. The Court is mindful that this action has rested on its docket for a year without any action. *See* Docket. If the Court grants a stay and the San Diego Superior Court does not approve the Parties' settlement, the Parties and the Court will be back to square one. Though this possibility weighs against granting a stay, the Court finds that factors two and three outweigh the potential harm that may result from the requested stay. Requiring the Parties to move

forward with this litigation while the settlement process unfolds in state court would impose additional litigation costs on both sides and require the expenditure of judicial resources. If the case were then to settle as the Parties intend, the Parties and the Court would incur those costs for nothing.

Though the Court is inclined to stay the case, the Court is not inclined to wait approximately nine months for an update on the progress of the Parties' settlement. The Parties indicate that a preliminary settlement-approval hearing is scheduled for February 9, 2024. Mot. at 2. Once that hearing is complete, the Parties should have a better sense of whether their proposed settlement will be successful.

Lastly, the Parties indicate that if the San Diego Superior Court approves their proposed settlement, they intend to jointly move to dismiss this action. JSR at 2. The Court cautions that this action is a putative class action. *See* ECF No. 1 at 2. In the Ninth Circuit, many courts have refused to allow parties to dismiss a putative class action before the court reviews the settlement pursuant to *Diaz v. Trust Territory of the Pacific Islands*, 876 F.2d 1401 (9th Cir. 1989). *See, e.g.*, *Perez v. MEC Holding Co.*, No. 523CV00279SSSKKX, 2023 WL 4865538, at *1–2 (C.D. Cal. July 31, 2023). If the Parties do submit a joint motion to dismiss, the Parties should address *Diaz*'s continued application and/or the proposed settlement's compliance with *Diaz*'s requirements.

## CONCLUSION

Good cause appearing, the Court **GRANTS** the Parties' Motion and **STAYS** this case pending the resolution of the settlement process currently before the San Diego Superior Court. The Parties **SHALL FILE** a joint status report regarding the status of the settlement and this action on or before February 16, 2024.

**IT IS SO ORDERED.**

Dated: October 3, 2023

Hon. Janis L. Sammartino
United States District Judge