UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN DOUGAN, as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CENTERPLATE, INC., a corporation; SODEXO, INC., a corporation; CENTERPLATE OF DELAWARE, INC., a corporation; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 22-CV-1496 JLS (SBC)<br><br>**ORDER DISMISSING ENTIRE ACTION WITHOUT PREJUDICE PURSUANT TO FED. R. CIV. P. 41(a)(1)(A)(ii).**<br><br>(ECF No. 15) |

Presently before the Court is the Parties' Joint Stipulation to Dismiss Entire Action Without Prejudice ("Stip.," ECF No. 15). For the reasons set forth below, the Court **APPROVES** the Parties' Stipulation.

## BACKGROUND

This case began as a wage-and-hour putative class action filed in state court on August 2, 2022. *See* Notice Removal ("Notice") at 2, ECF No. 1; Siegel Decl. Ex. A

///

///

///

("Compl.") at 10, ECF No. 1-2.[1]  Plaintiff Kevin Dougan alleged that Defendants Centerplate, Inc., Sodexo, Inc., and Centerplate of Delaware, Inc. (collectively, "Defendants") have violated multiple sections of California's Labor Code, the "IWC Wage Orders," and California's Unfair Competition Law.  *Id.* at 18–22.  Plaintiff sought to represent a class of "[a]ll individuals currently or formerly employed by Defendants in the State of California as hourly non-exempt employees at any time from four years preceding the filing of this action through the time of trial."  *Id.* ¶ 5.

Defendants removed the case to this Court on October 3, 2022.  *See generally* Notice.  Shortly thereafter, Plaintiff filed a separate action (the "State Court Action") in state court, pursuant to California's Private Attorneys General Act.  Stip. at 2.  In the State Court Action, Plaintiff alleged the same violations of California's Labor Code that he asserts in his Complaint here.  *Id.*  Defendants were unable to remove the State Court Action to federal court, and it remains pending in the Superior Court of California, County of San Diego.  *See id.*

In April of 2023, the Court stayed this action through September 11, 2023, to allow the Parties to attend private mediation.  *See* ECF No. 10, at 2.  After the Parties completed mediation, they notified this Court that they were "presently negotiating and finalizing" a class-action settlement that would "entirely resolve" both this action and the State Court Action.  Joint Status Report and Notice Settlement ("JSR") at 2, ECF No. 12.  Per the Parties, their agreement "call[s] for the global settlement approval process to proceed in the San Diego Superior Court."  *Id.*  If the superior court approves the Parties' settlement, the agreement then calls for the Parties to move to dismiss this action in its entirety.  *Id.*  The Parties therefore asked the Court to stay this action for a second time so that the Parties could complete the state court settlement process.  *See* Joint Mot. Stay Case ("JMS") at 2, ECF No. 13.

---

[1] All page-number citations to the Complaint refer to the blue page numbers appended to the top-right corner of the document in CM/ECF.

The Court issued an Order ("Order," ECF No. 14) again staying the case on October 3, 2023. The Court cautioned the Parties, however, that many courts in the Ninth Circuit review settlements in putative class actions pursuant to *Diaz v. Trust Territory of the Pacific Islands*, 876 F.2d 1401 (9th Cir. 1989), and directed the Parties to address *Diaz* should they file a joint motion to dismiss. Order at 3.

On November 28, 2023, the Parties filed the instant Stipulation pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). Stip. at 2. The Parties indicate that they have stipulated to amend the State Court Action to "include the class claims at issue in this [a]ction" and report that they will seek "settlement approval and certification" in the State Court Action. *Id.* As this action, per the Parties, is now superfluous, they ask the Court to "issue a minute order dismissing the action without prejudice and directing the Clerk to close the case." *Id.* at 3. The Parties argue that because Rule 23(e) has been amended post-*Diaz* to require courts to approve voluntary dismissals only after a class has been certified, the Court should not subject the Parties' pre-certification stipulation of dismissal to *Diaz* review. *Id.*

## DISCUSSION

The central question raised by the Parties' Stipulation is whether this Court should review and approve a pre-certification, voluntary dismissal in a class-action suit. The answer to this question hinges on the interaction between Federal Rules of Civil Procedure 41(a)(1) (governing voluntary dismissals) and 23(e) (governing court approval of settlements in class actions). For the below reasons, the Court concludes that the 2003 amendment to Rule 23(e) was intended to take courts out of the business of reviewing pre-certification voluntary dismissals. The Court therefore approves the Stipulation without further inquiry into the circumstances surrounding the Parties' proposed settlement.

In most cases, a voluntary dismissal filed pursuant to Rule 41(a)(1) "leaves no role for the court to play." *See Am. Soccer Co. v. Score First Enters.*, 187 F.3d 1108, 1110 (9th Cir. 1999). Rule 41(a)(1) allows a plaintiff to "dismiss an action without a court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion

for summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A). The Ninth Circuit has interpreted Rule 41(a)(1)(A)(i) to confer upon plaintiffs an "'absolute right' . . . to dismiss an action." *Am. Soccer Co.*, 187 F.3d at 1110. Indeed, "once a notice of voluntary dismissal is filed, the district court in which the action is pending loses jurisdiction and cannot exercise discretion with respect to the terms and conditions of the dismissal." *Com. Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1076 (9th Cir. 1999).[2] The same is true with respect to a stipulation of voluntary dismissal pursuant to Rule 41(a)(1)(A)(ii). *Black Rock City, LLC v. Pershing Cnty. Bd. of Comm'rs*, 637 F. App'x 488, 488 (9th Cir. 2016) (applying *Commercial Space Management* to a stipulation of voluntary dismissal); *see also Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1278 (11th Cir. 2012); *Adams v. USAA Cas. Ins. Co.*, 863 F.3d 1069, 1078 (8th Cir. 2017).

Rule 41(a)(1), however, is "subject to Rule[] 23(e)." Fed. R. Civ. P. 41(a)(1)(A). Prior to 2003, the Ninth Circuit interpreted then-Rule 23(e) to mandate court review of pre-certification voluntary dismissals in class action suits. *Diaz*, 876 F.2d at 1408–11. Under *Diaz*, a district court must hold a hearing and "inquire into the terms and circumstances of any dismissal or compromise to ensure that it is not collusive or prejudicial" before accepting a joint stipulation dismissing putative class claims. *Id.* at 1408. The district court should not "perform the kind of substantive oversight required when reviewing a settlement binding upon the class," but instead need only determine whether "notice to the class and an opportunity to intervene" is necessary. *Id.* Notice is necessary if: (1) there is evidence that the named plaintiffs "appended class allegations in an attempt to get favorable individual settlements"; (2) notice would "protect[] the class from objectionable structural relief, trade-offs between compensatory and structural relief, or depletion of limited funds available to pay the class claims"; or (3) there is a need to "protect[] the class

---

[2] A district court may retain jurisdiction, however, to impose Rule 11 sanctions or otherwise adjudicate collateral issues (*e.g.*, "whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate."). *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393–98 (1990).

from prejudice it would otherwise suffer if class members have refrained from filing suit because of knowledge of the pending class action." *Id.* at 1409–10.

The 2003 amendment to Rule 23(e), however, arguably abrogated *Diaz*. Rule 23(e) now reads as follows: "[t]he claims, issues, or defenses of a *certified class*—or a class proposed to be certified for purposes of settlement—may be settled, voluntarily dismissed, or compromised only with the court's approval." Fed. R. Civ. P. 23(e) (emphasis added). The Rules' drafters added this "certified class" language to "resolve[] the ambiguity in former Rule 23(e)" regarding whether courts should approve pre-certification settlements. *See id.* advisory committee's note to 2003 amendment. Indeed, the committee note to the 2003 amendment nods to—and rejects—cases that read the former version of Rule 23(e) "to require court approval of settlements with putative class representatives that resolved only individual claims." *See id.*

Several courts have interpreted the 2003 amendment to Rule 23(e) to establish that when no class has been certified, voluntary dismissal of a putative class action is limited only by Rule 41. These courts therefore approve joint stipulations in putative class actions without inquiring further into collusion or prejudice. *See, e.g.*, *Sample v. Qwest Commc'ns Co. LLC*, No. CV 10-08106-PCT-NVW, 2012 WL 1880611, at *3–4 (D. Ariz. May 22, 2012) ("The Court must grant the parties' stipulation of dismissal."); *Frias v. G4S Secure Sols. (USA) Inc.*, No. 120CV00403AWISAB, 2021 WL 2894453, at *1 (E.D. Cal. July 9, 2021) (approving a joint stipulation of dismissal designed to enable the plaintiff to file a consolidated complaint in an action proceeding in state court); *Cota v. Porven, Ltd.*, No. 20-CV-1806-BAS-RBB, 2022 WL 173401, at *1 (S.D. Cal. Jan. 18, 2022); *Licea v. Adidas Am., Inc.*, No. 5:22-CV-02077-FWS-SP, 2023 WL 3431924, at *1–2 (C.D. Cal. Mar. 22, 2023); *Lee v. CVS Pharmacy, Inc.*, No. 320CV01923BENDEB, 2021 WL 308283, at *2 (S.D. Cal. Jan. 28, 2021); *Hall v. W. Ref. Retail, LLC*, No. 19CV00855VAPSKX, 2021 WL 4497925, at *1 n.1 (C.D. Cal. June 23, 2021); *Ripley v. Bridgestone Retail Operations, LLC*, No. C09-1482 RSM, 2010 WL 11684294, at *2 (W.D. Wash. Sept. 2, 2010).
///

Other courts—including many in the Ninth Circuit—continue to review pre-certification dismissals. These courts recognize that "the procedures of Rule 23(e) do not apply to . . . [j]oint [m]otion[s] to [d]ismiss," but argue that they retain discretionary authority to "consider whether to 'require . . . giving appropriate notice to some or all class members'" pursuant to Rule 23(d)(1)(B). *Del Rio v. CreditAnswers, LLC*, No. 10CV346-WQH-BLM, 2011 WL 1869881, at *2 (S.D. Cal. May 16, 2011) (sixth alteration in original) (quoting Fed. R. Civ. P. 23(d)(1)(B)); *see also Mahan v. Trex Co.*, No. 5:09-CV-00670 JF PVT, 2010 WL 4916417, at *3 (N.D. Cal. Nov. 22, 2010) (citing *Diaz*, 876 F.2d at 1407 n.3); *Lewis v. Vision Value, LLC*, No. 1:11-CV-01055-LJO, 2012 WL 2930867, at *3 (E.D. Cal. July 18, 2012), *report and recommendation adopted*, No. 111CV01055LJOBAM, 2012 WL 13189902 (E.D. Cal. Aug. 6, 2012); *In re Outlaw Lab'y, LP Litig.*, No. 18-CV-840-GPC-BGS, 2020 WL 5538924, at *5 (S.D. Cal. Sept. 15, 2020).[3] When reviewing pre-certification dismissals pursuant to Rule 23(d)(1)(B), these courts engage in the same analysis that *Diaz* read Rule 23(e) to mandate—they determine whether to "require notice" of a pre-certification settlement by investigating whether "there is evidence of collusion or prejudice." *E.g.*, *Mahan*, 2010 WL 4916417, at *3.

The legislative history of the 2003 amendment to Rule 23(e) is inconsistent with the approach taken by the latter group of courts. Initially, the Rule's drafters proposed for public comment a version of Rule 23(e) that would have required courts to "approve a voluntary dismissal, withdrawal, or settlement made before a determination whether to certify a class." David F. Levi, Report of the Civil Rules Advisory Committee, *in* H.R. Doc. No. 108-56, at 42, 83 (2003). This initial version codified an approach resembling

---

[3] These courts do not address the issue of their ability to exercise jurisdiction after the parties have filed a stipulation of dismissal pursuant to Rule 41(a)(1)(A)(ii). Though Rule 41(a)(1) is not textually made subject to Rule 23(d), these courts may nevertheless be able to exercise ancillary jurisdiction to determine whether the parties have abused the judicial process and, if so, to order notice to putative class members as a sanction. *See Cooter & Gell*, 496 U.S. at 395–98; *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379–81 (1994); *cf. Qureshi v. United States*, 600 F.3d 523, 525–26 (5th Cir. 2010) (affirming the district court's jurisdiction to enter a pre-filing injunction after the plaintiff voluntarily dismissed his case).

*Diaz*; it would have required courts to consider whether prejudice to putative class members potentially relying on the pending action, evidence of collusion, or the misuse of class-action procedures justified the issuance of notice or the provision of an opportunity to intervene.  *See id.* at 97.  After public comment, however, the drafters made an about-face, concluding that "reliance by absent class members seldom occurs, if indeed it ever occurs" and that "[a] court cannot effectively coerce continued litigation when all parties have agreed not to litigate further."  *Id.* at 83.  They therefore revised the proposed rule to "delete the requirement that the parties must win court approval for a precertification dismissal or settlement."  *Id.* at 78.  The Advisory Committee Report demonstrates that the Rules' drafters made the express decision to reject the *Diaz* approach.

Though the Court is sympathetic to the policy concerns raised by those courts that continue to apply *Diaz* pre-certification, *see, e.g.*, *Perez v. MEC Holding Co.*, No. 523CV00279SSSKKX, 2023 WL 4865538, at *2 (C.D. Cal. July 31, 2023) (noting that without *Diaz* review, the court could not determine whether absent class members had relied on the pending action), the Court declines to join them in light of the above legislative history.  The Rules' drafters determined that the burden on settlement imposed by pre-certification review of joint dismissals is not justified by either the possibility of abuse of class action procedures or the risk of prejudice to putative class members.  *See* Levi, *supra*, at 83 ("[R]eliance by absent class members seldom occurs, if indeed it ever occurs.").  The drafters' decision in this regard counsels against pre-certification review of voluntary dismissals regardless of whether such review is conducted pursuant to Rule 23(e) or Rule 23(d)(1)(B); either way, the reviewing court is hindering the parties' efforts at settlement by investigating whether notice should be ordered.  Though reasons may exist to question the drafters' choice, it is not the Court's place to substitute its own policy judgment for that of the drafters.  *See Sample*, 2012 WL 1880611, at *3–4.

Consequently, the Court will follow the drafters' intent and approve pre-certification stipulations of dismissal without a *Diaz* inquiry.  While that conclusion largely resolves the issues presented by the Parties' Stipulation, two questions remain.  First, because the

Parties indicate that they plan to certify and settle the same class claims in state court, the Court must determine whether this case involves a "class *proposed to be certified* for purposes of settlement" within the meaning of Rule 23(e).[4] Fed. R. Civ. P. 23(e) (emphasis added).  Second, the Court must ascertain whether the Parties' voluntary dismissal is otherwise unlawful.  *Id.* 41(a)(1)(A) (noting that voluntary dismissals are "[s]ubject to . . . any applicable federal statute").

The answer to the first question is no.  The advisory committee's notes clarify that Rule 23(e)'s "proposed to be certified" language was intended to apply when a proposed settlement that would bind class members is presented to a federal court for approval alongside a simultaneous request that the federal court certify the class.  *See id.* advisory committee's note to 2018 amendment; *id.* advisory committee's note to 2003 amendment ("Notice of a settlement binding on the class is required . . . when the decisions on certification and settlement proceed simultaneously."); Rhonda Wasserman, *The New, Improved Class Action Rule*, 90 Pa. Bar Ass'n Q. 182, 183 (2019) (noting that the 2018 amendment to Rule 23(e) was intended to require "the court to *preliminarily* approve a proposed settlement" before directing notice to class members, formally certifying the class, and ultimately approving a final version of the settlement).  Here, the Parties do not "propose" that the Court simultaneously certify a class and approve a class-action settlement; instead, they seek only to dismiss this case and continue their class litigation in state court.  Stip. at 2.  Nothing in the text or history of Rule 23(e) suggests that its "proposed to be certified" language was intended to preclude such a strategy.

Nor is the Court convinced that that the reasons behind the Parties' voluntary dismissal are otherwise unlawful.  In *Adams*, the Eighth Circuit reversed a district court's imposition of sanctions on attorneys who had stipulated to dismissal of a putative class action in federal court, refiled the same class action in state court, and asked the state court

---

[4] As no class has been certified in this litigation, Rule 23(e)'s "certified class" language is inapposite.  Fed. R. Civ. P. 23(e).

to both certify the class and approve the parties' settlement. 863 F.3d at 1073–74, 1076. The Eighth Circuit concluded that the parties had an absolute right to dismiss the case pursuant to Rule 41(a)(1)(A)(ii), regardless of whether they did so to flee the federal court's jurisdiction. *Id.* at 1079–81 & n.10 (citing *Pedrina v. Chun*, 987 F.2d 608, 610 (9th Cir. 1993)). The Eighth Circuit also held that the parties had "a colorable legal argument" that the district court's approval was not needed under Rule 23(e) to voluntarily dismiss the claims of the putative class. *Id.* at 1083. Finally, the Eighth Circuit rejected appointed counsel's argument that the Class Action Fairness Act ("CAFA") precluded the parties' settlement strategy. *Id.* at 1082.

The Court finds the Eighth Circuit's analysis in *Adams* persuasive with respect to the legality of the Parties' voluntary dismissal in this case. Here, as in *Adams*, Plaintiff "originally filed suit in state court, and the [P]arties [have] agreed to return to that forum." *Id.* at 1081 n.12; Stip. at 2. And, like the *Adams* court, this Court sees "no reason to think the state courts will not do justice." *See* 863 F.3d at 1080 (internal quotation marks omitted) (quoting *Kern v. TXO Prod. Corp.*, 738 F.2d 968, 973 (8th Cir. 1984)); *see also Kullar v. Foot Locker Retail, Inc.*, 85 Cal. Rptr. 3d 20, 30–34 (Ct. App. 2008) (describing the review to which California courts must subject a proposed class action settlement). The Court will thus approve the Parties' Stipulation.

## CONCLUSION

For the foregoing reasons, the Court **APPROVES** the Parties' Joint Stipulation to Dismiss Entire Action Without Prejudice (ECF No. 15) and **DISMISSES** the above-captioned action in its entirety **WITHOUT PREJUDICE**. Per the Parties' Stipulation, each Party shall bear their own attorneys' fees and costs. Stip. at 2. As this concludes the litigation in this matter, the Clerk of the Court **SHALL CLOSE** the file.

**IT IS SO ORDERED**

Dated: December 12, 2023

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge